AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Western District of Michigan

FILED
95 JUL 17 PM 4:20
CLERK, U.S. DIST. COURT
WESTERN DIST. OF MICH.
BY

UNITED STATES OF AMERICA

V.

THOMAS ERIC WAHLSTROM

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

Case Number: 2:94-CR-26

James E. Nancarrow
Defendant's Attorney

THE DEFENDANT:

■ pleaded guilty to count(s) 1.
□ was found guilty on count(s) __ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846 | Conspiracy to Distribute Cocaine | 1993 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

□ The defendant has been found not guilty on count(s) __, and is discharged as to such count(s).
□ Count(s) __ (is)(are) dismissed on the motion of the United States.
■ It is ordered that the defendant shall pay a special assessment of $50.00, for count(s) 1, which shall be due ■ immediately □ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 2/5/57

Defendant's Mailing Address:

74 Ridge Road
Marquette, MI 49855

Defendant's Residence Address:

Same

Date of Imposition Sentence: July 17, 1995

HON. ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

Date: July 17, 1995

-36-

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 6 months.

■ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be placed in a halfway house, or an institution near his family, who presently reside in the Upper Peninsula of Michigan.

- ☐ The defendant is remanded to the custody of the United States marshal.
- ☐ The defendant shall surrender to the United States marshal for this district
  - ☐ at __ a.m./p.m. on __.
  - ☐ as notified by the United States marshal.
- ■ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
  - ☐ before 2 p.m. on __.
  - ■ as notified by the United States marshal, within 60 days of the date of sentencing.
  - ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ________ to ______________________

______________________________________________

with a certified copy of this judgment.

______________________________
United States Marshal

By______________________________

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three years.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

- ■ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
- □ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.
- ■ The defendant shall not possess a firearm or destructive device.
- ■ The defendant shall not illegally possess a controlled substance.
- ■ The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confir the defendant's compliance with such notification requirement.

## FINE

The defendant shall pay a fine of $5,000. The fine includes any costs of incarceration and/or supervision.

☐ This amount is the total of the fines imposed on individual counts, as follows:

☐ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

- ☐ The interest requirement is waived.
- ☐ The interest requirement is modified as follows:

This fine plus any interest required shall be paid:

- ☐ in full immediately.
- ■ in full not later than the conclusion of the first year of defendant's supervised release, pursuant to a payment schedule prepared by the probation officer.
- ☐ in equal monthly installments over a period of __ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
- ☐ in installments according to the following schedule of payments:

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

MAILING RECIPIENT LIST FOR 2:94-cr-00026 (pjc)

July 19, 1995

Glenda G. Gordon, Esq.
Michael H. Dettmer, United States Attorney
1930 U.S. 41 West
D&N Bank Bldg.
Marquette, MI 49855

James E. Nancarrow, Esq.
Steward, Peterson, Sheridan & Nancarrow
109 S Front St.
Suite 200
Marquette, MI 49855
Marquette